UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE L. TYLER, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01575-JMS-MPB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Maurice Tyler for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Discussion

Mr. Tyler was convicted on June 17, 1997, of being a felon in possession of a firearm, 18 U.S.C. § 922(g). Based on his prior convictions for burglary, battery, and attempted battery, he was subject to an enhanced penalty under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA") which sets forth a minimum term of 15 years' imprisonment for a felon-in-possession with three prior violent felony or serious drug convictions. He was sentenced to 280 months' imprisonment on March 4, 1998.

On June 26, 2015, the United States Supreme Court held that the "residual" clause of the ACCA was unconstitutional based on vagueness. *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was determined to announce a new substantive rule of constitutional law that applied retroactively to ACCA defendants. *Welch v. United States,* 136 S.Ct. 1257 (2016). Thus, only prior convictions that qualify as violent felonies under the "enumerated offenses" clause or "force" clause of the ACCA can be used to enhance a sentence under that statute.

Mr. Tyler filed this motion for relief pursuant to § 2255 on June 22, 2016, arguing that, under *Johnson*, his Indiana convictions for burglary, battery, and attempted battery with a deadly weapon do not qualify as crimes of violence under the "enumerated offenses" clause or the "force" clause of the ACCA and his sentence was therefore improperly enhanced. Dkt. 7. Mr. Tyler requests to be resentenced without the ACCA enhancement.[1]

Mr. Tyler's argument that his Indiana conviction for burglary does not qualify as a crime of violence after *Johnson* was foreclosed on when the Seventh Circuit decided *United States v.*

---

[1] Counsel appeared for Mr. Tyler at the time his § 2255 motion was filed and was later permitted to withdraw. Mr. Tyler was directed to voluntarily dismiss this action or file a brief in support of his § 2255 motion. He took neither action and the United States was directed to file a supplemental response to the motion. Mr. Tyler's motion for relief is now fully briefed.

*Perry*, 862 F.3d 620, (7th Cir. 2017). In *Perry*, the Seventh Circuit held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii)." 862 F.3d at 624 (regarding Class C burglary). Shortly thereafter, in *United States v. Foster*, the Seventh Circuit held that *Perry* covers both Indiana Class C and Indiana Class B burglary. 877 F.3d 343 (7th Cir. 2017). The court then summarized those holdings in *United States v. Schmutte*, 709 Fed. App'x 375 (7th Cir. Jan. 23, 2018) (unpublished). Under these holdings, *Johnson* does not apply to invalidate a sentence enhancement based on an Indiana burglary conviction.

Mr. Tyler also contends that his battery conviction does not qualify as a crime of violence. But the Seventh Circuit held in *Douglas v. United States*, 858 F.3d 1069, 1072 (7th Cir. 2017), that battery under Indiana law does qualify as a crime of violence after *Johnson*. Similarly, his attempted battery conviction qualifies as a crime of violence.[2] The Seventh Circuit has explained

> Some offenders convicted of attempts to commit crimes of violence have argued that their attempts should not be deemed crimes of violence because the substantial step toward completion of the crime need not itself be a violent step. Such an argument is difficult to square with the statutory language reaching an offense that "has as an element the ... attempted use ... of physical force." An attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence.

*United States v. Armour*, 840 F.3d 904, 909 n.3 (7th Cir. 2016), *as amended* (June 26, 2017).

In short, Mr. Tyler has three convictions that qualify as crimes of violence to enhance his sentence under the ACCA. He has therefore failed to show that he is entitled to relief from his sentence.

---

[2] The United States asserts that Mr. Tyler's 1993 battery conviction was for battery and not attempted battery, while Mr. Tyler describes that conviction as attempted battery. Because, as discussed, attempted battery qualifies as a crime of violence, this dispute is inconsequential.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Mr. Tyler has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to § 2255 must be **denied.** Judgment consistent with this Entry shall now issue. The **clerk shall docket** this ruling in No. 1:97-cr-0006-JMS-DKL-1.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Tyler has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/5/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MAURICE L. TYLER
05489-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

All electronically registered counsel